FREDERICK O. KIMBALL *et al.*

*v.*

M. McKENDREE TOOKE *et al.*

1. CHANCERY—*relief confined to causes stated in bill.* Where the only ground set forth in a bill for the rescission of a contract for the sale of land, filed by the vendor, was the non-payment of the first installment, and notice of forfeiture given in consequence thereof, and the proof showed a tender of such installment before suit: *Held,* that relief could not be granted for the non-payment of the latter installments, and that defendants were only required to meet the case made by the bill.

2.   FORFEITURE—*for non-payment of installment of purchase money.*
Where the vendor of land, under a contract containing clauses of forfeit-
ure in case of non-payment, filed a bill to rescind the contract of sale on
the ground that he had given the vendees notice of a forfeiture for non-
payment of the first installment, and the proof showed that the parties
met on the day for payment, and the matter was postponed by mutual con-
sent in order that certain incumbrances found upon the title might be ex-
plained or removed, and that the vendor failed to meet the vendees at the
appointed time, or notice the subsequent offers of the vendees to proceed,
but gave notice of a forfeiture, and that vendees made a tender of the
amount before suit:   *Held,* that the bill was properly dismissed without
prejudice to the rights of the parties in any future suit for specific per-
formance.

APPEAL from the Superior Court of Cook county; the
Hon. JOHN A. JAMESON, Judge, presiding.

Mr. MILTON T. PETERS, for the appellants.

Messrs. HARDING & McCOY, and Mr. E. W. EVANS, for
the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of
the Court:

On the 27th of February, 1869, the complainant, Kimball,
sold to the defendant, Tooke, a tract of land in Cook county
for $30,000, of which the sum of $100 was paid at the execu-
tion of the contract, and the further sum of $5000, including
the $100, was to be paid on or before the 15th of March.   The
contract required the remaining payments to be made, $5000
on the 1st of September, 1869, and $20,000 in two equal an-
nual instalments.   It contained clauses of forfeiture in case
of non-payment.

This bill was filed by Kimball to have the contract re-
scinded, on the ground that the payment to be made on the
15th of March was not made, and the complainant then gave
notice of rescission.   The bill alleges that, notwithstanding
said notice, the defendant subsequently recorded his contract,
which is thus a cloud upon complainant's title that he seeks,
by this bill, to remove.

The only ground set forth in the bill for granting the desired relief is the non-payment of this first instalment, and the notice of forfeiture thereon given.

The burden of proof is, of course, upon the appellant, and he has failed to sustain his bill. Indeed, the preponderance of proof is decidedly against him. The bill is sustained only by his own testimony, while Tooke, Pitner and White positively deny that Kimball gave notice of forfeiture. They testify, on the other hand, that when the parties met on the 15th of March, some incumbrances were found on the title, and in order that they might be removed or explained, the business stood over by agreement until the next day. The next day the parties again met, but, the incumbrances not having been removed, the business was again postponed by consent, with an agreement that the parties should meet on the following Saturday or Monday. Kimball did not again appear. Tooke addressed several letters to Kimball, offering to proceed with the contract. The latter took no notice of these, but on the 2d or 3d of May notified Tooke that he considered the contract rescinded.

On the 5th of May, Tooke tendered the first payment, and the tender was refused. No tender was made of the instalment due in September, and in December, 1869, this bill was filed.

Counsel for appellee insist that we must confine our attention to the case made in the bill, and this of course is true. Whether, as urged by appellant, it was the duty of Tooke to tender payment of the first instalment before the 5th of May, even accepting his own evidence as to what occurred on the 15th and 16th of March, or whether it was also his duty to tender the September instalment, are questions to be solved when Tooke shall file a bill for specific performance, if he ever takes that course. They are certainly not questions presented by the pleadings in this case.

The general allegation in the bill, that only the sum of $100 has ever been paid to complainant on the purchase, can not be

accepted as extending the scope of the bill beyond the specific allegations in regard to the non-payment of the first instalment on the 15th of March, and the forfeiture then declared, upon which the claim of relief is based.

The case made by the bill rests upon those alleged facts, and it was only that case that the defendants were required to meet.

The decree of the circuit court dismissing the bill was, therefore, correct, and is affirmed, but it will stand as a decree without prejudice to the rights of these parties in case a bill should be hereafter brought by the defendants herein for specific performance. Concerning the position of the parties in reference to such possible litigation, we express no opinion.

*Decree affirmed.*